Parfums Corday, Inc., et al. *v.* United States

**No. 5183.**—Invoices dated Paris, France, July 6, 1936, etc.
Certified July 8, 1936, etc.
Entered at New York July 16, 1936, etc.
Entry Nos. 39367, etc.

(Decided March 25, 1941)

*Siegel & Mandell* for the plaintiffs.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

Oliver, Presiding Judge: The appeals to reappraisement listed in schedule A, attached to my decision and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto.

It is stipulated and agreed, by and between counsel for the respective parties hereto, subject to the approval of the Court, that the merchandise contained in the invoices embraced in the entries covered by the reappraisements enumerated in Schedule "A", hereto attached and made a part hereof, consists of bottles and jars similar in all material respects to the merchandise the subject of *United States* v. *Guerlain Inc.*, decided in C. A. D. 146; that said bottles and jars were appraised upon the cost of production under Section 402 (f) of the Tariff Act of 1930.

It is further stipulated and agreed, that the issue with respect to said bottles and jars embraced in the entries covered by the reappraisements enumerated in said Schedule "A", is the same as the issue involved in the case of *United States* v. *Guerlain Inc.*, *supra*.

It is further stipulated and agreed, that with respect to Reappraisement No. 114502–A, that the values stated on the invoice upon which values the merchandise was entered, are equal to the cost of materials, fabrication, manipulation or other process employed in manufacturing or producing such merchandise, plus the usual general expenses, plus the cost of all containers, coverings and other costs, charges and expenses incident to placing the merchandise in packed condition ready for shipment to the United States and plus an addition for profit equal to the profit which ordinarily is added, in the case of merchandise of the same general character by manufacturers or producers in the country of manufacture who are engaged in the manufacture of merchandise of the same class or kind.

It is further stipulated and agreed, that the appraised value of the glass bottles and jars on the invoices, with the exception of the aforesaid Reappraisement No. 114502–A, less any additions made by the importer to meet advances by the Appraiser, are equal to the cost of materials, fabrication, manipulation or other process employed in manufacturing or producing such merchandise, plus the usual general expenses, plus the cost of all containers, coverings and other costs, charges and expenses incident to placing the merchandise in packed condition ready for shipment to the United States and plus an addition for profit equal to the profit which ordinarily is added, in the case of merchandise of the same general character by manufacturers or producers in the country of manufacture who are engaged in the manufacture of merchandise of the same class or kind.

It is further stipulated and agreed, between the parties hereto, that the record in C. A. D. 146 be incorporated and made a part of the record in the reappraisement cases enumerated on Schedule "A", hereto attached and made a part hereof, and that the reappraisement cases be deemed submitted on this stipulation.

On the agreed facts I find the cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise here involved, and that such values are as follows:

As to the bottles and jars involved in reappraisement 114502–A, the entered values.

As to the other bottles and jars involved, the appraised values, less any additions made by the importer to meet advances by the appraiser.

As to any other merchandise involved the appeals are hereby dismissed. Judgment will be rendered accordingly.